[No. 12303. Department Two. August 21, 1915.]

JOHN MARTIN, *as Administrator etc.*, *Appellant*, v.
NORTHERN PACIFIC RAILWAY COMPANY,
*Respondent*.[1]

MASTER AND SERVANT — NEGLIGENCE — RAILROAD COLLISION — EVI-
DENCE—SUFFICIENCY. The evidence is insufficient to sustain a verdict
against a railroad company for the death of a conductor of a freight
train, when a passenger train crashed into the caboose, where it ap-
pears that the freight train was behind time, and the conductor put
out near a curve two torpedoes which were exploded by the passenger
train, whereupon the engineer thereof complied with the rule in
such case to reduce speed and look out for stop signal, by applying
the "air" and slackening speed, and made every effort to stop when
he saw the freight train ahead.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered May 11, 1914, upon granting
a nonsuit, dismissing an action for wrongful death, tried to
the court and a jury. Affirmed.

*E. F. Kienstra* and *Arthur E. Griffin*, for appellant.

*C. H. Winders*, for respondent.

FULLERTON, J.—On March 16, 1912, and for some time
prior thereto, one Henry C. Martin was in the employment
of the Northern Pacific Railway Company as conductor of
one of its freight trains operated between Sedro-Woolley and
Everett, both in the state of Washington. On the date
named, Martin was killed by a passenger train, also operated
by the railway company, which ran into the rear end of the
train on which he was acting as conductor. This action was
instituted under the Federal employers' liability act by the
administrator of Martin's estate, to recover in damages as
for wrongful death for the benefit of the father of Martin,
who, it is alleged, was dependent upon him for support. At
the trial, after issue joined, which was being had by the
court sitting with a jury, the railway company, at the con-

[1] Reported in 151 Pac. 113.

clusion of the plaintiff's case, challenged the legal sufficiency
of the evidence to sustain a verdict or judgment against it.
The challenge was sustained by the court, the jury dis-
charged, and judgment afterwards entered against the plain-
tiff to the effect that he take nothing by his action. This ap-
peal is from the judgment so entered.

The record shows that the accident happened between sta-
tions on the respondent's line known as Clear Lake and Big
Lake. When the freight train reached the first station
named, it was behind its schedule time and left the station but
seven minutes ahead of the time the passenger train was due
thereat. It made a stop a short distance further on to put
off some freight and lost further time. As the train pro-
ceeded on its way, it ascended a grade where it again lost
time, and was, as one of the witnesses stated, then "running
pretty close on the passenger's time." As the train neared
a curve at the summit of the grade, the conductor put out
two torpedoes on the track about sixty feet apart. These
were exploded by the passenger train shortly after the freight
train had turned the curve. Shortly thereafter, the passenger
train also turned the curve, and before it was stopped,
crashed into the caboose of the freight train, causing the
death of the conductor as before stated.

It is the contention of the appellant that the negligence
of the railway company rests in the conduct of the engineer
of the passenger train. It is claimed that it was his duty
on running over the torpedoes to get his train under control
and look out for danger, and that the proximate cause of the
death of the conductor of the freight train was the neglect of
this duty by the engineer. But conceding, without deciding,
that a right of recovery would follow if this conclusion were
accepted, we are of the opinion that it has no justification
in the evidence. While a witness for the appellant did
interpret the rules of the company with relation to torpedoes
as the appellant states it, the rules themselves, which are in
evidence, do not support the interpretation. Rule 15, under

the title "Audible Signals," recites that the "explosion of
one torpedo is a signal to stop; the explosion of two not
more than 200 feet apart is a signal to reduce speed and
look out for a stop signal." The evidence in the record con-
cerning the conduct of the engineer is that he obeyed this
rule; that, upon running over the torpedoes, he applied the
"air" and slackened speed, and made every effort to stop
when he saw the freight train ahead of him.

It is needless to pursue the inquiry further. As we read
the record, there is no evidence to justify a finding of negli-
gence on the part of any of the employees of the respondent
for which it is responsible to the representatives of the de-
ceased conductor.

The judgment is affirmed.

MORRIS, C. J., ELLIS, and MAIN, JJ., concur.